IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREW J. HILLIARD, )<br>No. 93387 , )<br>    Petitioner, )<br>)<br>vs. )<br>)<br>JOHN LAKIN, )<br>)<br>    Defendant. )<br>) | | Case No. 18–cv–1044-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

*Pro se* Petitioner Andrew J. Hilliard, a pretrial detainee being held in the Madison County Jail, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is being detained on state criminal charges in Case No. 17-CF-3260. Petitioner objects to an order issued by the state trial court on March 20, 2018, finding him incompetent to stand trial. Additionally, Petitioner objects to the trial court's decision to hold him without bond.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as those under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action must be dismissed.

## **THE PETITION**

According to the Petition, on March 20, 2018, Petitioner, who is being held without bond, was deemed "unfit to stand trial without a fitness hearing." (Doc. 1, p. 2). Petitioner indicates that he has filed several motions pertaining to his fitness to stand trial and/or pertaining to his *pro se* status, terminating counsel, and seeking habeas relief in the state court proceeding. Petitioner contends that his motions remain "unanswered." *Id.* Plaintiff also alleges that the state trial court has denied him due process and/or equal protection of the law by failing to have a jury trial regarding his competency and by failing to provide him with effective counsel. (Doc. 1, p. 6). Plaintiff also purports to bring claims for cruel and unusual punishment pertaining to conditions at the Madison County Jail.

In connection with the above claims, Petitioner asks this Court to order the state trial court to (1) hold a fitness hearing and mandate that a jury render a decision on Petitioner's competency; (2) compel the state trial court to answer Plaintiff's motions; and (3) compel the state trial court to issue a "reasonable" bond. Plaintiff also asks the Court to order the Madison County Jail to take certain action regarding the complained of conditions of confinement.

**PENDING CRIMINAL PROCEEDING**

Petitioner is challenging his state criminal proceedings in Madison County Case No. 17-CF-3260. By all indications, the subject state proceeding is currently pending. The most recent court order was entered on April 16, 2018, stating as follows:

> ORDER THE DEF HAS PERSONALLY FILED NUMEROUS MTNS IN THE ABOVE MATTER. THE DEF WAS FOUND UNFIT TO STAND TRIAL ON 3/20/18, AND REMANDED TO DHS FOR TX. GIVEN THAT HE IS CURRENTLY UNFIT, THE LAW REQUIRES THAT HE BE REPRESENTED BY COUNSEL. THE LAW DOES NOT PERMIT AN UNFIT DEF TO REPRESENT HIMSELF. THE PD'S OFFICE CURRENTLY REPRESENTS THE DEF. UNTIL SUCH TIME AS SAID MTNS ARE ADOPTED BY THE ATTY OF RECORD. THE COURT WILL NOT ACT ON THEM. THE CLERK IS DIRECTED TO SEND A COPY OF THIS ORDER ALONG W/ A COPY OF THE PRO SE PLEADINGS TO THE ATTYS OF RECORD. THE CLERK SHALL ALSO SEND A COPY OF THIS ORDER TO THE DEF.

**DISCUSSION**

Section 2241 allows a pretrial detainee to bring a habeas corpus petition, but this ability is limited by the policy of federal courts not to interfere with pending state criminal prosecutions except in special circumstances. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

The *Younger* doctrine forbids federal courts, under most circumstances, from enjoining an ongoing state criminal proceeding. *Younger v. Harrison*, 401 U.S. 37 (1971). *See also Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012). Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman realty, Inc. v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances have been found in instances where irreparable damage would occur, such as prosecutorial harassment and bad faith or speedy trial and double jeopardy claims, but only where the petitioner has first exhausted his available state court remedies. *Younger,* 401 U.S. at 43, 49; *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973) (collecting cases). The petition describes no exceptional circumstances. Therefore, this Court must abstain from intruding into the State's criminal process under such circumstances.

Petitioner also brings claims pertaining to conditions of confinement at the Madison County Jail. But a habeas petition is not the proper vehicle for pursuing these claims. *See* 28 U.S.C. § 2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386–87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003). These claims must be raised, if at all, in a separate action pursuant to 42 U.S.C. § 1983. *See Preiser v.* Rodriguez, 411 U.S. 475 (1973).

In summary, the ongoing adjudication of Petitioner's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter. Further, the Court cannot provide any relief with regard to Petitioner's conditions of confinement claims. Accordingly, the Petition shall be dismissed. The dismissal shall be without prejudice to any other habeas petition that Petitioner may file and without prejudice to Petitioner bringing his conditions of confinement claims in a civil rights action.

## **DISPOSITION**

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has not yet exhausted his state court remedies, and the ongoing adjudication of Petitioner's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter. The dismissal is without prejudice to any other habeas petition that Petitioner may file and without prejudice to Petitioner bringing his conditions of confinement claims in a civil rights action.

Should Petitioner desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a Petitioner need not show that his appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he has yet to exhaust his state court remedies, and because Petitioner's criminal case is ongoing, the Court should abstain from intervening. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT**

be issued.  The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.15 16:40:10
-05'00'

**David R. Herndon**
**U.S. District Judge**